■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD WATFORD, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SCHUYLER HAGGERTY, Appellant.— Appeal by each defendant from a separate judgment of the County Court, Nassau County, rendered November 2, 1962, after a jury trial, convicting him of robbery and grand larceny, both in the first degree, and assault in the second degree, and imposing sentence. Judgments affirmed. Although it appears that the jury should have been instructed as a matter of law that the witness Ronald Hamilton was an accomplice (*People* v. *Clougher*, 246 N. Y. 106; *People* v. *Elbroch*, 250 App. Div. 583), in our opinion, under all the circumstances, it does not appear that this was such substantial error as to require a reversal (*People* v. *Nichols*, 7 A D 2d 786). From the charge in its entirety, the jury could have concluded only that Hamilton was, in fact, an accomplice and, therefore, corroborating evidence was necessary (Code Crim. Pro., § 399). In this connection, it is well settled that a defendant's admission implicating himself in the commission of the crime is sufficient corroboration of an accomplice's testimony (*People* v. *Reel*, 15 A D 2d 853; *People* v. *Eaton*, 122 App. Div. 706; cf. *People* v. *Ruberto*, 10 N Y 2d 428). Similarly, we find that there was independent corroboration of the defendants' confessions (Code Crim. Pro., § 395). The independent proof need only establish the corpus delicti; it need not connect or tend to connect the defendants with it (*People* v. *Taleisnik*, 225 N. Y. 489; Richardson, Evidence [8th ed.], § 347). The testimony of the complaining witness was sufficient to establish the corpus delicti. We have noted the other arguments raised by the appellants and find them to be untenable. The appellants were not prejudiced or deprived of a fair and impartial trial by the admission into evidence of the testimony of Dan Pearl. We have also concluded that the learned trial court's denial of the motion for a new trial upon the ground of newly discovered evidence was not erroneous; under the circumstances the denial was a proper exercise of discretion (*People* v. *Patrick*, 182 N. Y. 131; cf. *People* v. *Shilitano*, 218 N. Y. 161; *People* v. *Giordano*, 106 Misc. 235). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.