**UNITED STATES of America ex rel. Ronald WATFORD, Petitioner,**

v.

**Warden Robert MURPHY, Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
Jan. 19, 1965.

Frances Kahn, New York City, for relator.

Louis J. Lefkowitz, Atty. Gen., of the State of New York by Lillian Z. Cohen, Deputy Asst. Atty. Gen., for the respondent.

TYLER, District Judge.

Ronald Watford is presently confined at Green Haven Prison, Stormville, New York, as a result of a judgment of conviction rendered after a jury verdict in the County Court of Nassau County, New York, on July 5, 1962. Watford was then and there convicted of robbery, larceny and assault. On November 2, 1962, he was sentenced to a term of 15 to 30 years for these crimes. He subsequently and unsuccessfully appealed his conviction to the Court of Appeals of New York, and his time for application for a writ of certiorari to the Supreme Court has expired.

Although Watford purports to set forth eight grounds which he urges will support his application for a writ, it would appear that a number of these are repetitive and that in substance there are four separate theories which he seriously advances in his papers: [1]

(1) the claim of involuntariness of his confession which was submitted to the jury for decision as part of its general verdict; more particularly, Watford contends that a policeman and parole officer coerced a written confession from him by threats and by unreasonably lengthy questioning without affording him "food or rest" and that, in addition, "the issue of the voluntariness (of the confession) was illegally left to the Court and Jury";

(2) asserted prejudicial rulings by the trial court permitting a parole or probation officer to testify for the prosecution;

(3) alleged errors in instructions by the trial court to the jury; and

(4) asserted error in the trial judge's denial of relator's motion for a new trial.

It is at once apparent that relator's trial, insofar as the confession issue was there treated and disposed of, "did not comport with constitutional standards and he is entitled to a determination of the voluntariness of his confession in the

[1] Curiously, the answering papers of the Attorney General would construe Watford's petition to raise a fifth claim of deprivation of the right to counsel. I do not read the petition to make this claim here, nor does the record available to me indicate that he ever made such a claim to the state courts. See People v. Watford, 19 A.D.2d 731, 242 N.Y.S.2d 369 (App.Div., 2nd Dept., 1963).

state courts in accordance with valid state procedures * * *." Jackson v. Denno, 378 U.S. 368, at page 393, 84 S.Ct. 1774, at page 1789, 12 L.Ed.2d 908 (1964). As the Attorney General of New York gracefully concedes in his answer to Watford's petition, the state trial court in conformity with then prevailing law (see Stein v. People of State of New York, 346 U.S. 156, at page 172, 73 S.Ct. 1077, at page 1086, 97 L.Ed. 1522 (1953)) submitted the issue of the voluntariness of relator's confession to the jury for resolution as part of its general verdict. It was this procedure, of course, which the Supreme Court last August in Jackson v. Denno, supra, held not to comport with constitutional standards.

As suggested by Mr. Justice White's majority opinion in Jackson, it is necessary and proper that this issue be now submitted to the state courts for determination anew in the light of the rules set forth in that opinion.[2] Arguably, though the Supreme Court does not seem to have specifically passed upon this point, the procedure might be otherwise if, on undisputed facts, Watford's confession was involuntary as a matter of law so that a new evidentiary hearing in the state courts would be unnecessary. Such, of course, is not the case here.

Specifically, the Attorney General, with reference to the so-called "White Paper" prepared by the office of the District Attorney of New York County in August, 1964 shortly after Jackson v. Denno was decided, here suggests that relator should move for reargument of his last application in the Appellate Division, Second Department, in order to reopen his appeal. That court upon such application in all probability will be constrained to remand the confession issue to the trial court for hearing and determination.

Although it might be reasonably inferred from the record before me that the other three issues which petitioner presents are without merit, I am inclined to

dismiss this petition in its entirety without prejudice to its renewal by relator, if so advised, after proper application to and disposition by the New York State courts as hereinbefore indicated.

So ordered.

---

2. "* * * we think that the further proceedings to which Jackson is entitled should occur initially in the state courts rather than in the federal habeas corpus court." 378 U.S. at page 393, 84 S.Ct. at page 1789.