■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD RICE, Appellant.—Judgment, Supreme Court, Bronx County, rendered on December 1, 1975, convicting defendant upon a jury verdict of two counts of murder, two counts of robbery in the first degree and one count of attempted murder, unanimously modified, on the law and the facts, to the extent of reversing the conviction on the felony murder count (count 1 of the indictment) and dismissing that count of the indictment and, as so modified, the judgment is affirmed. Fourteen-year-old Robert Ridout, who lived with his mother and his 13-year-old sister at 109 West 168th Street, Bronx, testified that at about 2 P.M. on July 3, 1974 he awakened in the living room where he always slept. He had come home at midnight. He

knocked on his mother's bedroom door. A male voice responded, "Wait a minute." This was not unusual since his mother had returned to the apartment with men in the past. A short time later Robert knocked a second time and was admitted. The bedroom was in a state of disarray. Robert's mother, Frances Ridout, lay face down on the bed with a sheet drawn up to her shoulders. Defendant stated, "Your mother was drunk. We have been drinking all night." Robert went over to his mother, touched her neck and discovered she was dead. Defendant said, "Now you know." He then stabbed Robert in the stomach, and threw him on the bed. Robert pleaded, "Please don't kill me", and pulled the knife from his abdomen. After some inquiry as to the sexual proclivities of Robert and his sister and threats to rape the sister, defendant demanded that Robert show him whatever valuables were in the apartment. Defendant packed a number of them, including two tape recorders, a camera, a pair of binoculars and a typewriter in a suitcase which he carried out of the apartment. At defendant's insistence, Robert accompanied him. Frances Ridout died as a result of manual strangulation and blunt force injuries about the face. There was evidence she had recently engaged in sexual intercourse. There was no evidence of rape. The felony murder count is founded upon the robbery of valuables belonging to Frances. In order to convict defendant of felony murder it was necessary to prove that defendant had committed the robbery and killed her in the course of the robbery or in immediate flight therefrom. (Penal Law, § 125.25, subd 3.) "A person may be convicted of felony murder only if it be shown that he killed 'in the attempted execution of the unlawful end.' (People v. Wood, 8 N Y 2d 48, 51 * * *.) If the intent to commit the felony, robbery in this case, came into being after the defendant had killed his victim, the defendant was not guilty, and could not be convicted of felony murder." (People v Joyner, 26 NY2d 106, 109.) The evidence was sufficient for the jury to find that: (1) Frances Ridout brought defendant home with her during the early morning hours; (2) they were together in her bedroom for some time; (3) defendant killed her before 2 P.M. when Robert Ridout gained entry into the bedroom and found she was dead; and (4) her property, the robbery of which was the basis of the felony murder count, was gathered together and taken from the apartment by defendant quite some time after Frances' death. Although such evidence was sufficient to sustain the conviction of murder under count 2 of the indictment, it was insufficient to support the felony murder count. The logical inference from all the evidence was that the taking of the property was an afterthought and that the intent to rob did not precede the killing. At most for the prosecution such inference is equally consistent with an inference of prior intent. Whether a homicide took place during the commission of a felony is generally a fact question and only rarely a matter of law. (People v Walsh, 262 NY 140, 147; People v Carter, 50 AD2d 174; cf. People v Jackson, 20 NY2d 440.) However, where the credible evidence is equally consistent with guilt or innocence, the People have failed to prove defendant's guilt beyond a reasonable doubt. Under these circumstances the felony murder conviction cannot stand. We have examined defendant's assignments of error with respect to the other counts of the indictment on which defendant was convicted and find them to be without merit or at most to amount to "harmless error." Concur—Kupferman, J. P., Birns, Silverman, Evans and Fein, JJ.