—Judgment, Supreme Court, Bronx County, rendered on July 13, 1976, convicting defendant after a jury trial of three counts of murder in the second degree (two for felony murder, one for common-law murder), two counts of robbery in the first degree, two counts of burglary in the second degree, two counts of assault in the first degree, and one count of criminal possession of a dangerous weapon in the fourth degree, and sentencing him as a second felony offender to jail sentences of 15 years to life for each of the murder counts, 7 Vi to 15 years for the robbery, burglary and assault counts, and a one-year term on the weapons charge, all sentences to run concurrently, modified, on the law, to the extent of reversing the defendant’s conviction on the two felony murder counts (Counts Nos. 1 and 3) and dismissing said two counts, and otherwise affirmed. At about 9:15 a.m. on June 25, 1975, the deceased, Gerry Banner and his common-law wife, Marilyn Jennings, left their apartment at Tiebout Avenue in the company of the defendant. The deceased and the defendant returned to the apartment where the defendant had left his sunglasses. Between 3:30 and 4:30 p.m. of the same day, an old friend of the deceased visited the apartment. The deceased and the defendant were both present. After a conversation lasting for some half hour, the friend left. Shortly before 6:00 p.m. on the same day, Marilyn Jennings returned to the apartment and opened the door with her key. The defendant threw thé door open, hurled a liquid substance into her eyes and proceeded first to beat her and then stab her in the neck and chest. She pretended to be dead. The defendant remained for a while in the apartment, playing records and mopping up some blood. Finally, he returned to Jennings and stabbed her several additional times. She pleaded with him to leave her alone and to take whatever money was there. The defendant loaded the television into a shopping cart, covered it with a blanket and left the apartment. Two other witnesses observed him leaving the apartment with the shopping cart and then attempting to place it into a taxicab. When the police responded to the *539 apartment at about 7:50 p.m. they found Jennings conscious, but unable to speak, and bleeding profusely. In the bedroom was found the body of the deceased lying face down in a pool of dried blood. The autopsy disclosed some six stab wounds, three of them in the chest. The only substantial issue raised on this appeal involves the defendant’s conviction on two counts of felony murder. The evidence adequately establishes the defendant’s removal of the television set under circumstances that would justify his conviction for robbery. However, it fails to establish, as required by subdivision 3 of section 125.25 of the Penal Law that the deceased was killed "in the course of and in furtherance of such crime or of immediate flight therefrom” (see People v Rice, 61 AD2d 758). Accordingly, the defendant’s conviction on those two counts must be reversed and the counts dismissed. The other issues raised seem to us insubstantial. We do not view as suggestive the photographic display which led to the defendant’s identification by the two witnesses who saw him leaving the apartment with a shopping cart. As to the defendant’s conviction of common-law murder, the evidence, although circumstantial in character, was more than adequate to support the jury’s determination that the defendant had intentionally killed the deceased. And while the court’s instructions with regard to circumstantial evidence could have been more complete, no objection was taken by defense counsel (CPL 470.05) and we perceive no error of the kind that would raise a substantial question as to the fairness of the trial. As to the remaining counts on which the defendant was convicted, the evidence was more than sufficient to support the verdict that was rendered. Concur—Birns, J. P., Evans, Lane and Sandler, JJ.; Markewich, J., dissents in part in a memorandum as follows: There are three circumstances in this sordid case of which there can be no doubt: that defendant assaulted Jennings on her entry to the apartment, that he possessed the weapon with which he stabbed her, and that he thereafter decamped with the television set. The difficulty that I find in the conclusions reached by the majority is that a number of the essential elements of the various crimes of which defendant stands convicted have not been established beyond a reasonable doubt—actually, not established at all. Certain of the conclusions arrived at on the trial level have actually been so deficient in this respect that they were too much for my brethren to swallow. For instance, the majority has properly dismissed the felony murder counts because there has been no showing of connection between the "robbery” and the homicide; there are unanswered questions, such as: what was taken and from whom under the circumstances described in section 160.15 of the Penal Law?; what evidence is there that the only property asported—the television—was taken as the result of an intent connected with a homicide?; or even connected with the assault on Jennings? The same questions may well be asked as to the burglary counts, and they are not answered. And, even assuming that defendant committed the homicide, what circumstances point clearly and unequivocally to guilt of murder, second degree, any more than manslaughter first degree (Penal Law, § 125.20, subds 1 or 2) or second degree (Penal Law, § 125.15, subd 1)? Even assuming that defendant remained on the premises after Banner’s death with the intent to steal the television, there is no evidence to connect either the assault on Jennings or the homicide of Banner with the later theft of the television or with escape from the scene. What evidence is there from which to infer, one way or the other, that the homicide did or did not occur as the outcome of an argument? Or in what other way did the death come about? And the intent of defendant in killing the decedent cannot possibly be inferred from the later attack on Jennings. The majority’s *540 conclusion that defendant committed any of the crimes specified other than the assault on Jennings, and possession of the weapon used in that assault, is founded to the extent indicated on sheer speculation. Those counts alone —assault on Jennings and weapon possession—should stand, and the indictment otherwise should be dismissed for failure of proof. What the majority has done is to infer, from the circumstances depicted by the evidence, that some form of undifferentiated homicide took place and arbitrarily to label it murder in the second degree. Consideration of circumstantial evidence by triers of the fact requires the application of reason. Such a process is not apparent here and, as a matter of law, the result arrived at is without reasonable basis. »