■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN ESCHERT, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered May 18, 1983, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentences.

Judgment affirmed.

A review of the record indicates more than ample proof to support each and every element of the crime of felony murder and completely supports the jury's verdict. Where a question involving the sufficiency of the evidence is raised on appeal, the testimony of the prosecution witnesses coupled with the factual inferences therefrom must be viewed most favorably to the prosecution (see, *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620).

A felony murder is committed when a person commits or attempts to commit 1 of 9 predicate felonies, which include robbery, and in the course of and in furtherance of such crime, he causes the death of a person other than a partici-

pant (Penal Law § 125.25 [3]; *see, People v Gladman,* 41 NY2d 123). Whether a homicide took place during the commission of a felony is generally a factual issue to be determined by a jury *(see, People v Rice,* 61 AD2d 758; *People v Carter,* 50 AD2d 174). In the instant case there was sufficient proof presented to the jury to support a factual determination that the homicide occurred in the course of and in furtherance of the robbery of the victim and the theft of his wallet and car.

Further, where different inferences can reasonably be drawn from the evidence adduced at trial, the question of whether a particular person is an accomplice is a question of fact for the jury *(see, People v Cobos,* 57 NY2d 798; *People v Geoghegan,* 68 AD2d 279, *affd* 51 NY2d 45; *People v Ramos,* 68 AD2d 748). Accordingly the trial court's charge to that effect was proper.

Moreover, there was sufficient evidence connecting the defendant with the commission of the crime to corroborate the accomplice testimony *(see,* CPL 60.22 [1]; *People v Burgin,* 40 NY2d 953; *People v Watford,* 19 AD2d 731) and to sustain a finding of the defendant's guilt *(see, People v Barber,* 96 AD2d 1112).

Notwithstanding the defendant's assertions to the contrary, a review of the record reveals that his retained attorney was an experienced and competent criminal lawyer who made the appropriate pretrial motions, conducted pretrial hearings and, during the trial itself, engaged in extensive cross-examination of the prosecution witnesses, prepared and presented witnesses in defendant's behalf and made objections to the presentation of evidence in order to protect his client's rights *(see, People v Baldi,* 54 NY2d 137; *People v Droz,* 39 NY2d 457).

We have reviewed the defendant's other contentions and find them to be without merit. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.