■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMITH, Appellant. [604 NYS2d 158] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered January 11, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted under an accomplice theory for felony murder for the robbery and shooting death of a livery cab driver. The defendant contends that he is entitled to reversal because the circumstantial evidence was legally insufficient to warrant conviction. We disagree.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find it was legally

sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant was seen entering the cab with a male companion. Shortly thereafter, the cab turned onto Monroe St. from Stuyvesant Ave. and stopped on Monroe near an alleyway which was well lighted. The alleyway led into the courtyard of a housing project where the defendant lived. After a shot was heard, the defendant and another man exited the taxi cab and walked towards the alleyway. The defendant was seen by a witness for three to four seconds before the defendant and the other man then ran down the alley. The witness immediately recognized the defendant as someone she knew from the neighborhood. Although the decedent was found with more than $92 in the cab, there was testimony from which the jury could reasonably conclude that other money had been taken from the driver.

Inasmuch as there is legally sufficient evidence to establish that the murder occurred during the course of the robbery or the immediate flight therefrom (see, Penal Law § 125.25 [3]), the jury could infer from the defendant's conduct and the surrounding circumstances (see, People v Barnes, 50 NY2d 375; People v Paul, 133 AD2d 711) that the defendant was a participant therein (see, People v Allah, 71 NY2d 830; People v Ford, 66 NY2d 428; People v Benzinger, 36 NY2d 29; People v White, 162 AD2d 646; People v Eschert, 118 AD2d 724). Since the defendant's participation in the underlying felony was established, the jury could properly convict him of felony murder (see, Penal Law § 125.25 [3]; People v Diaz, 177 AD2d 500; People v Eschert, supra, at 724-725).

The defendant's remaining contentions are either unpreserved for appellate review or do not warrant reversal. Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.