■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAMON TAVERAS, Also Known as JOSE CERRANO-MEDINA, Respondent. [615 NYS2d 404] —Order, Supreme Court, Bronx County (Frank Torres, J.), entered October 1, 1991 and re-entered on or about January 23, 1992, which, *inter alia,* granted the defendant's motion to suppress physical evidence, unanimously reversed, on the law, the suppression motion is hereby denied, and the order of the same court and Justice entered on or about November 15, 1994, which dismissed the indictment, unanimously reversed, on the law, and the indictment reinstated.

Defendant was one of two passengers riding in the back seat of a livery cab stopped for a conceded traffic infraction by uniformed officers patrolling in a marked police car. One of the officers exited the patrol car and approached the driver's side of the cab. He stopped just behind the driver's door, knocked on the driver's window and asked for the driver's license and registration. With the aid of a flashlight the officer saw defendant adjusting or shoving something into his waistband area in a manner which indicated to the officer that the defendant might have a weapon. The officer immediately opened the rear door of the cab and touched the spot which the defendant had been manipulating. Upon feeling the outline of a revolver, the officer directed the defendant to exit the cab and removed a loaded revolver from his waistband.

There is no question that the initial stop of the livery cab, in which defendant was riding, was lawful *(People v Woods,* 189 AD2d 838, 842);* in fact that is conceded. After the lawful stop, the officer's observation of the defendant manipulating an object in his waistband area was sufficient to justify the officer's belief that the defendant may have been armed

*(People v Clemente,* 195 AD2d 300, *lv denied* 82 NY2d 715). It is well settled that based upon such a belief the officer could have properly ordered the defendant out of the vehicle and frisked him in order to assure his own safety *(People v Torres,* 74 NY2d 224). Herein, the officer was presented with a situation that was sufficiently dangerous to justify the minimal intrusion of a self-protective "touch". That intrusion upon the defendant's person was, under the circumstances herein, the bare minimum necessary to ensure the officer's safety *(supra,* at 230). We specifically take note of the fact that the hearing court found the officer's testimony credible.

*People v Marine* (142 AD2d 368) is factually distinguishable. There, the officer observed the defendant staggering around in an inebriated state, for a period of time. Prior to approaching the defendant, the officer saw him adjust an object located under his jacket. In this case the officer, rather than being able to assess the defendant's condition and plan his approach, was in a highly vulnerable position with respect to the defendant, who suddenly went to his waistband while the officer was near the cab. This movement, the attendant circumstances and the facts that such car stops place officers in inherently dangerous positions *(Pennsylvania v Mimms,* 434 US 106, 110) and that livery drivers in the area are often the victims of violent robberies *(see, People v Rosario,* 160 Misc 2d 1081; *People v McBride,* 203 AD2d 85; *People v Smith,* 198 AD2d 454, *lv denied* 82 NY2d 903; *People v Charriz,* 186 AD2d 495, *lv denied* 81 NY2d 761), distinguish this case and those like it from *People v Marine (supra).*

This case is also readily distinguishable from *People v Robbins* (83 NY2d 928), recently decided by the Court of Appeals. As noted *supra,* in the case at bar it has been conceded that the initial stop was legal; moreover, rather that seeing defendant "grab at his waistband", the officer herein saw this defendant manipulating an object in his waistband area. It cannot be overemphasized in this case, that the officer was standing in an extremely vulnerable location, next to the driver's door. Unlike the defendant in *Robbins (supra),* this defendant was not seeking to run away from the officer, but was instead either secreting or attempting to gain access to an "object" while facing, and in close proximity to the officer. Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.