■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO LOZADO, Appellant. [620 NYS2d 32] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered

September 13, 1989, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Evidence before the jury was that several eyewitnesses observed a bicycle lying next to the 14 year old victim, who was sitting alone in front of Yankee Stadium when defendant approached on foot and engaged in a brief argument with the victim, which escalated into a shoving match. Immediately after the victim shouted out "No", defendant produced a knife, stabbed the victim, picked up the bicycle and rode off with it. Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of felony murder was proven beyond a reasonable doubt (People · v Malizia, 62 NY2d 755, cert denied 469 US 932). The jury could reasonably infer that the bicycle belonged to the victim and that defendant killed him during the commission of a robbery (see, People v Smith, 198 AD2d 454, 455, lv denied 82 NY2d 903). Although there was conflicting testimony regarding the color of the bicycle, the color is irrelevant in light of the fact that there was no evidence that anyone other than the victim had a possessory interest in the bicycle in question.

Following a pretrial hearing, the trial court properly admitted the identification testimony of two of the eyewitnesses, each of whom had undergone one hypnosis session conducted by the police in connection with the investigation of this crime approximately nine years prior to trial, on the ground that the descriptions of the perpetrator provided by those eyewitnesses remained consistent both before and after the hypnosis sessions. Further, there is no reasonable possibility that the police may have improperly suggested that defendant was the perpetrator, because the police did not even have a suspect at the time in question. In these circumstances, the People established by clear and convincing evidence that the hypnosis had virtually no effect on the witnesses' prehypnotic recollection (People v Hughes, 59 NY2d 523, 546). Introduction of a photograph of defendant that was unremarkable in nature but taken at a point in time unconnected either to the time of the crime or to the time of defendant's arrest was irrelevant to the identification issue before the jury. However, in light of the overwhelming evidence of defendant's guilt, any error is rendered harmless (People v Crimmins, 36 NY2d 230).

We perceive no abuse of discretion in sentencing. Concur— Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.