■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ROBINSON, Appellant. [719 NYS2d 59] —Judgment, Supreme Court, Bronx County (Robert Straus, J., at hearing; Gerald Sheindlin, J., at plea and sentence), rendered June 4, 1998, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to a term of 1 year, unanimously affirmed.

Defendant's suppression motion was properly denied. While patrolling in an area with a very high incidence of cab robberies, at approximately 4:30 A.M., the police observed defendant hail a cab and then lean against the opened back door and

engage in a heated argument with the driver. Defendant then pushed off the cab with one hand still on the roof as he reached inside his jacket where the officers could see a bulge. The driver immediately drove off at a high rate of speed, with the back door still open. When the officers approached defendant and asked him what had happened, he did not answer. In order to protect themselves, one of the officers touched the bulge in defendant's jacket and felt the weapon, which was then removed by the other police officer. Under the totality of these circumstances, the officers possessed the necessary reasonable suspicion to conduct the minimally intrusive, self-protective touch of the bulge to determine whether defendant was armed (*see, People v Moret*, 240 AD2d 321, *lv denied* 90 NY2d 908; *see also, People v Taveras*, 207 AD2d 306, *lv denied* 84 NY2d 940; *People v Clemente*, 195 AD2d 300, *lv denied* 82 NY2d 715). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Rubin and Saxe, JJ.