(March 7, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL CRESPO, Appellant. [739 NYS2d 365] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered May 20, 1999, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of six years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant was a passenger in a car that was stopped by the police for driving backwards at a high rate of speed. The record supports the court's finding that the defendant's conduct after the car was stopped, consisting of adjusting his jacket away from his body while looking at the officer, gave rise to a reasonable suspicion that defendant might have been concealing a weapon (see People v Batista, 88 NY2d 650, 654; People v Taveras, 207 AD2d 306, lv denied 84 NY2d 940), justifying a patdown. Contrary to defendant's argument, the officer could have reasonably concluded that defendant's clothing adjustments, made immediately upon confrontation by the police, did not reflect a concern for comfort or neatness but instead evinced an attempt to conceal an object. The officer reasonably feared for his safety, because of the likelihood that the concealed object might be a weapon, particularly since the unusual operation of the car suggested the possibility of criminal activity.

During the patdown, the officer felt an object in defendant's jacket and properly asked about it, whereupon defendant told him it was a wallet and the officer left it alone. The officer properly extended the patdown to defendant's pants pocket area because the clothing adjustments could have been intended to hide a weapon in that location as well. When the officer felt a wallet in defendant's pants pocket, he properly made a further inquiry about the object in the jacket, resulting in defendant's admission that his jacket pocket contained drugs. This admission provided probable cause for defendant's arrest and the search incident to that arrest, which led to the recovery of cocaine. Concur—Nardelli, J.P., Andrias, Saxe, Rosenberger and Ellerin, JJ.