Chief Judge Fuld.
The record leaves no doubt that Albert Hicks died of a stab wound and that it was the defendant who inflicted it in the course of robbing him. While in the company of several friends, the defendant asked one of them, a Johnnie Cooper, for a loan. “ I need some money,” he told him, “I have to get it one way or another, even if I have to kill somebody.”[1] A few minutes later, Hicks came along on the other side of the street; the defendant walked over to him and they entered a building together where they remained for a short time. When they emerged from the building, the defendant grabbed Hicks, turned him around and struck him in the chest. Hicks fell to the sidewalk, a fatal stab wound through his heart, and the defendant was seen to bend down and take some change from his victim’s pocket. When the police arrived, they found Hicks’ body on the sidewalk, one pants pocket turned inside out.
The jury found the defendant guilty of felony murder and a divided Appellate Division reversed the resulting judgment on the ground that, under the trial judge’s instructions, “ the *109 jury was enabled to find the defendant guilty of a felony murder although the intent to commit the predicate felony may have followed the killing .” (32 A D 2d 260, 262).
The governing principle is clear. A person may be convicted of felony murder only if it be shown that he killed 1 ‘ in the attempted execution of the unlawful end.” (People v. Wood, 8 N Y 2d 48, 51; see, also, People v. Luscomb, 292 N. Y. 390, 395; People v. Lytton, 257 N. Y. 310, 312; former Penal Law, § 1044.) If the intent to commit the felony, robbery in this case, came into being after the defendant had killed his victim, the defendant was not guilty, and could not be convicted, of felony murder. (See, e.g., People v. Levan, 295 N. Y. 26; People v. Willett, 36 Hun 500.) The trial judge in the case before us, undoubtedly with these principles in mind, repeatedly instructed the jury that “ [t]o constitute felony murder the injury which resulted in death must have been inflicted during the commission of a robbery, or an attempted robbery, and while the killer was engaged in committing such act ’ ’. Indeed, whenever he mentioned robbery and murder, the judge was careful to use language such as “in the course of” or “ during ’’the robbery. Moreover, his charge left no doubt that, in order for a robbery ■to be committed, the defendant had to employ force or fear “ either to obtain or retain possession of the monies or property, or to prevent or overcome resistance to the taking.” In view of the language employed, there was no need to charge the further instructions on the subject requested by the defendant.
However, in reaching its decision to reverse, the Appellate Division stressed the judge’s answer to a question put to him by the jury. Defense counsel, in the course of his summation, declared that “ You can’t rob a dead man.” Perhaps puzzled or confused by this remark, the jury returned, after nearly three hours of deliberation, and asked, “Is a felony, robbery [sic] committed if money is taken from a dead man? ” In response, the court stated: ‘ ‘ Yes. If a man or woman kills another for the purpose of robbing him, and in the course of robbing him, or. after he has robbed Mm, in order to get away and retain whatever ill-gotten gains he had, any of these circumstances constitutes a felony murder.” These instructions could, perhaps, have been phrased even more plainly but the trial court, at this point, as well as at others, made it clear that the killing *110 had to be perpetrated “ for the purpose ” or “in the course ” of a robbery. In short, the court’s language sufficiently informed the jurors that, if the defendant did not intend to rob Hicks at the time he stabbed and killed him, they could not find him guilty of felony murder.
We have thoroughly considered each of the other points urged upon us by the defendant and find them without substance.
Since the Appellate Division reversed “on the law” and affirmed the facts, its order should be reversed and the judgment of the Supreme Court, New York County, reinstated. (Code Crim. Pro., § 543-b; see People v. Solimine, 18 N Y 2d 477; Cohen and Karger, Powers of the New York Court of Appeals, pp. 770-771.)
Judges Burke, Scileppi, Bergan, Brietel, Jasen and Gibson concur.
Order reversed, etc.

. The witness did not take seriously the defendant’s statement about killing somebody; it was his testimony that he believed the defendant was joking when he made that remark.