406 A.2d 1146

**COMMONWEALTH of Pennsylvania**

v.

**Walter SPALLONE, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1979.

Decided June 29, 1979.

Petition for Allowance of Appeal Denied Jan. 7, 1980.

John J. Thomas, Assistant Public Defender, Wilkes-Barre, for appellant.

Michael I. Butera, Assistant District Attorney, Pittston, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

ROBERTS, Judge:

Appellant, Walter Spallone, entered a plea of guilty to murder generally for killing Michael Valgene, Sr. On May 19, 1976, the trial court determined that appellant was guilty of murder of the second degree for committing a felony-murder. After denying post-verdict motions, the court sentenced appellant to life imprisonment. Appellant's sole contention is that he could not be guilty of felony-murder because as the fact finder determined he did not form the intent to rob until after commission of the killing. We agree, reverse judgment of sentence and remand for a new hearing on degree of guilt.

Based on credible evidence, the trial court found that appellant and several friends were visiting Valgene as they often had before, drinking, talking and smoking. Valgene and appellant began to quarrel. Valgene threw a beer bottle at appellant, striking him, and then attacked appellant with a knife, inflicting a deep cut in one of appellant's

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

fingers. Appellant and Valgene grappled, rolling on the floor. Appellant grabbed a pair of scissors and stabbed Valgene 37 times. Two of the stabs were fatal; the others were superficial. After he killed Valgene, appellant ran outside for a few seconds, then ran back in, cut Valgene's pants pocket with the scissors and removed his wallet. Appellant then fled.

The trial court determined that appellant was not guilty of murder of the first degree because he killed out of provocation, thus negating the specific premeditation required. The court determined that appellant was guilty of murder of the second degree because he had killed while perpetrating a robbery.[1] Although the court found as fact that appellant had not formed the intent to rob until after the killing, it nonetheless held him guilty of murder of the second degree for committing a felony-murder. The court concluded that an accused commits a felony-murder while perpetrating a robbery even when the intent to rob forms subsequent to the killing. In this conclusion, on this record, the court erred.

One of the basic concepts of criminal law is that there must be a concurrence of intent with the prohibited act. W. LaFave and A. Scott, Criminal Law § 34 at 237 infra (1972). In felony-murder, the malice necessary to sustain a conviction for murder is inferred from the underlying felonious act. See *Commonwealth v. Yukanavich*, 448 Pa. 502, 295 A.2d 290 (1972); *Commonwealth v. Redline*, 391 Pa. 486, 137 A.2d 472 (1958). Accordingly, for an accused to be guilty of felony-murder, he must commit the killing while performing or attempting to carry out the underlying felony. *Commonwealth v. Yukanavich*, supra. Since an accused cannot be perpetrating or attempting to carry out a felony unless, at the time of the prohibited acts, he has formed the intent to commit the felony, a killing cannot be in the course of perpetrating or attempting to perpetrate a felony if the accused, as here found by the court, forms the intent to commit the felony only after the killing.

1. See 18 Pa.C.S.A. § 2502(b) (Supp.1978–79).

Of those jurisdictions which have faced this question, an impressive majority has likewise concluded that an accused is not guilty of felony-murder where he forms felonious intent only after he commits the killing. See *United States v. Bolden,* 169 U.S.App.D.C. 60, 514 F.2d 1301 (1975); *United States v. Mack,* 151 U.S.App.D.C. 162, 466 F.2d 333, cert. denied, 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223 (1972); *Long v. United States,* 364 A.2d 1174 (D.C.Ct.App.1976); *People v. Gonzales,* 66 Cal.2d 482, 58 Cal.Rptr. 361, 426 P.2d 929 (1967); *State v. Snow,* 383 A.2d 1385 (Me.1978); *State v. Montgomery,* 191 Neb. 470, 215 N.W.2d 881 (1974) (semble); *People v. Joyner,* 26 N.Y.2d 106, 308 N.Y.S.2d 840, 257 N.E.2d 26 (1970); accord, LaFave and Scott, Criminal Law, supra § 71 at 558; Note, 42 Dick.L.Rev. 85 (1938). Contra, *State v. Craig,* 82 Wash.2d 777, 514 P.2d 151 (1973).

The Commonwealth relies on a series of Pennsylvania decisions stating that an accused is guilty of committing a felony-murder irrespective of when he formed the intent to commit the underlying felony. In each of those cases, however, the statement is dictum.[2] Moreover, our conclu-

2. In *Commonwealth v. Butcher,* 451 Pa. 359, 304 A.2d 150 (1973), the comment was unnecessary because the jury acquitted the appellant of felony-murder. In each of the other cases, the appellant argued that the intent to rob arose subsequent to commission of the homicide, but the verdict, supported by sufficient credible evidence, disclosed that the jury had rejected the contention. It was therefore unnecessary for the court to state that, even if the facts did not support the verdict, the conviction in each instance was proper. See *Commonwealth v. Stelma,* 327 Pa. 317, 192 A. 906 (1937); *Commonwealth v. Hart,* 403 Pa. 652, 170 A.2d 850 (1961); *Commonwealth v. Dickerson,* 406 Pa. 107, 176 A.2d 421 (1962); *Commonwealth v. Wilson,* 431 Pa. 21, 244 A.2d 734 (1968); *Commonwealth v. Slavik,* 437 Pa. 354, 261 A.2d 583 (1970); *Commonwealth v. Waters,* 445 Pa. 534, 285 A.2d 192 (1971), cert. denied, 406 U.S. 961, 92 S.Ct. 2073, 32 L.Ed.2d 348 (1972); *Commonwealth v. Tomlinson,* 446 Pa. 241, 284 A.2d 687 (1971) (plurality opinion); *Commonwealth v. Martin,* 465 Pa. 134, 348 A.2d 391 (1975) (plurality opinion); *Commonwealth v. Perkins,* 473 Pa. 116, 373 A.2d 1076 (1977) (plurality opinion). *Commonwealth v. Stelma,* supra, the leading case, is criticized in LaFave and Scott, Criminal Law § 71 at 558 (1972) and Note, 42 Dick.L.Rev. 85 (1938).

Moreover, these cases offer as justification for their dicta the fear that a contrary view would prohibit the prosecution from proving existence of the required intent at or before the time of the killing.

sion comports with the rationale of the felony-murder doctrine. The purpose of the rule is to deter one about to commit a felony in which a reasonable man knows, or should know, that death may result, by making him criminally responsible for any such deaths. *Commonwealth v. Yukanavich*, supra. Where, as here, the trier of fact determines that the accused, at the time of the killing, has not formed the intent to commit the felony, a rule designed to deter commission of a contemplated felony can have no effect.

Judgment of sentence reversed and case remanded for a new hearing on degree of guilt to determine whether appellant is guilty of murder of the third degree or manslaughter.

This fear is unfounded, for the prosecution, as in the cases upon which the Commonwealth relies in this appeal, may prove concurrence of intent from the circumstances. Appellant's is the rare case in which the trier of fact, supported by sufficient credible evidence, has determined that the intent to rob arose only after the killing.