■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE ENNIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered October 12, 1979, convicting him of murder in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. On April 7, 1979, defendant, who was 14 years old, followed an 80-year-old woman, whom he had observed purchasing groceries, and attempted to snatch her pocketbook. During the ensuing struggle, defendant was unable to wrest control of the pocketbook from the woman although he did knock her to the ground. She thereupon suffered a fractured skull, and died of her injuries 12 days later. On April 25, 1979, defendant was indicted, as a juvenile offender, for murder in the second degree (see Penal Law, § 125.25, subd 3), committed in the course of and in furtherance of an attempt to commit robbery. The underlying felony, i.e., defendant's attempt to forcibly steal property, during the course of which he caused the victim to suffer serious physical injury, actually constituted an attempt to commit robbery in the first degree (see Penal Law, §§ 110.00, 160.15, subd 1). On July 5, 1979, while the

indictment was pending, the Governor approved chapter 411 of the Laws of 1979, which amended certain statutory provisions applicable to juvenile offenders, including subdivision 2 of section 30.00 of the Penal Law (see L 1979, ch 411, § 21). Subdivision 2 of section 30.00, as amended, provides, in pertinent part: "A person thirteen, fourteen or fifteen years of age is criminally responsible for acts constituting murder in the second degree as defined in * * * subdivision three of [section 125.25 of the Penal Law] provided that the underlying crime for the murder charge is one for which such person is criminally responsible". A person 14 or 15 years of age is criminally responsible for acts constituting crimes defined in section 160.15 of the Penal Law (robbery in the first degree) or subdivision 2 of section 160.10 of that law (robbery in the second degree), but not for an attempt to commit those crimes. Pursuant to the Laws of 1979 (ch 411, § 26), these amendments took effect 30 days after their approval by the Governor, i.e., on August 4, 1979. On September 14, 1979, defendant pleaded guilty to the indictment. On October 12, 1979, he was sentenced to an indeterminate term of imprisonment with a minimum of five years and a maximum of life, which is the statutory minimum term of imprisonment for a juvenile offender convicted of murder in the second degree (see Penal Law, § 70.05). On this appeal, defendant asserts for the first time that subdivision 2 of section 30.00 of the Penal Law, as amended on August 4, 1979, is applicable to him. He contends that, since the felony underlying his conviction of felony murder was merely an attempt to commit robbery and was not a completed robbery, the indictment must be dismissed. The question of whether defendant is of a sufficient age to be criminally responsible for his acts goes to the jurisdiction of the court (see *People v Eric T.*, 89 Misc 2d 678: *People v Jones*, 38 NYS2d 207; see, also, *People v Stevenson*, 17 NY2d 682). Therefore, defendant's contention is cognizable on appeal (see *People v De Raffaele*, 55 NY2d 234). Turning to the merits, section 94 of the General Construction Law specifically provides that "all actions and proceedings, civil or criminal", commenced under a statute subsequently repealed "may be prosecuted and defended to final effect". Section 94 does not apply to ameliorative amendments to criminal statutes, if the Legislature intends that the amendment have retroactive effect (see *People v Oliver*, 1 NY2d 152; *People v Roper*, 259 NY 635). Although it is not an inflexible one, there exists a presumption that statutes are intended to operate prospectively only and are directed towards the future. It is to be presumed that a law was intended to furnish a rule of future action to be applied to cases arising subsequent to its enactment (*Huttlinger v Royal Dutch West India Mail*, 180 App Div 114; *Standard Chems. & Metals Corp. v Waugh Chems. Corp.*, 231 NY 51; 56 NY Jur, Statutes, § 267). An examination of the bill jackets for both the old and new laws (L 1978, ch 481, § 28 and L 1979, ch 411, § 21, respectively), reveals no indication of a legislative intent regarding a retroactive application. Moreover, the Legislature explicitly provided that the amendments in question would only take effect on the thirtieth day after their enactment, thus demonstrating a contrary intent (*Matter of Mulligan v Murphy*, 14 NY2d 223, 226). Succinctly stated, absent a clear expression of legislative intent to the contrary, amendatory statutes are to be given prospective application only, particularly where they carry an effective date *in futuro* (*Sessa v State of New York*, 63 AD2d 334, affd 47 NY2d 976). Parenthetically, we note that this case is factually distinguishable from *People v Roper* (259 NY 635, *supra*). Defendant does not contend that he did not harbor the requisite criminal intent to commit robbery. Rather, he relies upon the technical point that he was unable to wrest any property from the deceased's control. It cannot be said that the Legislature, when it enacted chapter 411 of the Laws of 1979, intended to deprive the criminal courts of jurisdiction over pending indictments, validly

returned. Therefore, defendant's argument must be rejected. We have considered defendant's other contentions and find them to be without merit. Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur.