■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE SKINNER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered January 8, 1982, convicting him of manslaughter in the first degree, murder in the second degree (felony murder), robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see *People v Kennedy,* 47 NY2d 196, 203; *People v Montanez,* 41 NY2d 53, 57; *People v Fortunato,* 89 AD2d 610), defendant's guilt was proven beyond a reasonable doubt. On November 5, 1979, defendant and Richard ("Knowledge") Johnson were involved in a "crap" game with the deceased, Wendell Davis. Davis was winning and defendant and Johnson were losing. Defendant attempted to steal the money Davis won from him in a side bet. After defendant and Johnson, respectively, had altercations with Davis over the money, Johnson asked defendant to give him a brown canvas tote bag. Defendant unzippered the tote bag and extended it to Johnson. Johnson took out a rifle and shot Davis. He immediately ordered Davis to throw his money on the ground. Defendant and Johnson took the money and ran. Subsequently, defendant and Johnson were found by the police hiding in a bedroom closet in defendant's aunt's house, and the bag and gun were found behind a tire in the back yard of the house. Davis subsequently died from the gunshot wound. ¶ In our view, defendant, by unzippering the tote bag and extending it to Johnson, enabling him to remove the rifle from the bag, evinced an intent to cause serious physical injury to Wendell Davis. Thus, the evidence was sufficient to prove defendant guilty of manslaughter in the first degree beyond a reasonable doubt. Furthermore, the circumstances surrounding the incident, viz., the fact

that defendant was losing in the crap-game and that he attempted to steal the proceeds of a side bet won by Davis, coupled with the fact that defendant took Davis' money after the shooting, show that defendant intended to commit a felony, to wit, robbery, and that his intent was formed before Johnson shot Davis. Hence, the evidence was sufficient to prove defendant guilty beyond a reasonable doubt of both felony murder and robbery in the first degree (see, e.g., *People v Joyner,* 26 NY2d 106). In addition, the evidence unquestionably shows that defendant, by placing the rifle in the tote bag two days prior to the incident, and by unzipping the bag and extending it to Johnson, possessed the rifle with the intent to use it unlawfully against Davis. Hence, defendant was proven guilty of criminal possession of a weapon in the second degree beyond a reasonable doubt. ¶ Defendant's claims of error in the charge are either not properly preserved for review (see CPL 470.05, subd 2; *People v Thomas,* 50 NY2d 467; *People v Thompson,* 97 AD2d 554) or are meritless. Finally, we perceive of no basis for reduction of the sentence. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.