■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CLARK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered June 2, 1982, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence, as we must, in the light most favorable to the People *(see, e.g., People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), the jury could reasonably have

inferred from the conduct of the defendant and the surrounding circumstances that the defendant fatally shot the deceased victim with the intent of robbing him (see, People v Barnes, 50 NY2d 375, 381; People v Bracey, 41 NY2d 296, 301). Sufficient evidence therefore existed to establish the requisite mental culpability for the crime of felony murder (see, Penal Law § 125.25 [3]) beyond a reasonable doubt (see, People v Barnes, supra, at 381; People v Joyner, 26 NY2d 106; People v Skinner, 102 AD2d 899).

The defendant's claims of error with respect to the People's summation and the trial court's charge are not preserved for review as a matter of law (see, CPL 470.05 [2]; People v Thomas, 50 NY2d 467, 471).

The sentence imposed was commensurate with the senseless and depraved nature of the crimes committed by the defendant, and no cause exists for us to substitute our discretion for that of the sentencing court.

The defendant's remaining claims are either unpreserved for review as a matter of law or without merit. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.