■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN PAUL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered January 6, 1983, convicting him of murder in the second degree (felony murder) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends on appeal that the evidence was insufficient to establish that the intent to rob the victim was formed prior to the infliction of the fatal wound *(see, People v Joyner,* 26 NY2d 106). We disagree. The evidence at trial was that the defendant and his two accomplices were seen loitering near the victim's store a short time before the victim was heard to cry for help. A moment later a shot was heard, and the three youths were then seen propping up the victim and searching through his clothing, before fleeing the scene.

Viewing this evidence, as we must, in the light most favorable to the People *(see, e.g., People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), and recognizing that the jury was free to infer intent from the conduct of the defendant and the surrounding circumstances *(see, People v Barnes,* 50 NY2d 375,

381; *People v Bracey,* 41 NY2d 296, 301, *rearg denied* 41 NY2d 1010), the inference could reasonably be drawn by the jury that the defendant and his accomplices accosted the deceased with the intent to commit a robbery *(cf., People v Skinner,* 102 AD2d 899). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the remaining contentions advanced by the defendant in his *pro se* supplemental brief, and we find them to be either lacking in merit or unpreserved for appellate review. Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.