THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO SMITH, Appellant.

Second Department, November 6, 1989

APPEARANCES OF COUNSEL

*Anthony C. Ginetto* for appellant.

*Elizabeth Holtzman, District Attorney (Barbara D. Underwood, Roseann B. Mackechnie* and *Amy Appelbaum* of counsel), for respondent.

## OPINION OF THE COURT

LAWRENCE, J.

On this appeal, the defendant challenges the validity of his conviction of murder in the second degree (felony murder) (Penal Law § 125.25 [3])[1]. We find that under the circumstances, the conviction may have been premised on conduct for which the defendant, who was 15 years old when the crime was committed, could not be held criminally responsible as an adult (Penal Law § 30.00 [2])[2]. Accordingly, the defendant's conviction must be reversed and a new trial ordered.

The defendant was indicted, as a juvenile offender, for felony murder (Penal Law § 125.25 [3]) and robbery in the first degree (Penal Law § 160.15 [2])[3]. As to the felony murder charge, it was alleged, in pertinent part, that in the course of and in immediate flight from a robbery, the defendant and his codefendant Marshall Brailsford[4] had caused the death of Raul Marrero, by shooting him with a deadly weapon. Thus, the crime of robbery in the first degree, as defined in Penal Law

---

1. Penal Law § 125.25 (3) provides, in pertinent part, that:

"A person is guilty of murder in the second degree when * * *

"Acting either alone or with one or more other persons, he commits or attempts to commit robbery * * * and, in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants".

2. Penal Law § 30.00 (2) provides, in pertinent part, that: "2. A person * * * fifteen years of age is criminally responsible for acts constituting murder in the second degree as defined in * * * subdivision three of * * * section [125.25] provided that the underlying crime for the murder charge is one for which such person is criminally responsible; and a person * * * fifteen years of age is criminally responsible for acts constituting the crimes defined in section * * * 160.15 (robbery in the first degree) or subdivision two of section 160.10 (robbery in the second degree) of this chapter".

3. Penal Law § 160.15 (2) provides that:

"A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime * * *

"2. Is armed with a deadly weapon".

4. While Marshall Brailsford was jointly indicted with the defendant, he was tried separately and convicted of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (Penal Law § 160.15 [2]) after a nonjury trial. This court affirmed Brailsford's conviction *(see, People v Brailsford,* 106 AD2d 648).

§ 160.15 (2), was the underlying felony for the felony murder charge.

At the trial, the People's witnesses testified that on the morning of October 21, 1980, in the schoolyard of Fort Hamilton High School in Brooklyn, the defendant, armed with a handgun, approached the victim and demanded his gold chains which were around his neck. When the victim apparently refused the demand, the defendant shot the victim and then allegedly took the chains from the victim's neck. The victim subsequently died of the gunshot wound. The defendant and Marshall Brailsford, who was acting as a lookout, then fled the scene. According to Brailsford, who testified for the prosecution, the defendant, Brailsford and a third individual later drove to Manhattan, where the defendant allegedly sold the chains taken from the victim and split the proceeds with his companions.

None of the People's witnesses actually saw the defendant take the chains from the victim's neck and Brailsford admitted on cross-examination that he never saw the chains that were later allegedly sold by the defendant. Nevertheless, at a precharge conference with counsel, the trial court denied the People's request to alternatively charge attempted robbery as the underlying felony of the felony murder charge, on the ground that the evidence established a completed robbery. Following summations, the prosecutor unsuccessfully renewed his request that the trial court charge attempted robbery, in addition to robbery, as the underlying felony in the felony murder charge. The trial court then instructed the jury, in relevant part, concerning (1) felony murder based upon the underlying crime of robbery, which the court defined simply as forcible stealing, without the aggravating factor of the defendant or a participant being armed with a deadly weapon, and (2) robbery in the first degree pursuant to Penal Law § 160.15 (2). The charges were submitted in the alternative, with instructions to the jury not to consider the robbery in the first degree count if it found the defendant guilty of felony murder. There were no objections taken to these instructions.

During their deliberations, the jury sent a note to the trial court, which read: "We, the jury, would like to know if we can find the defendant guilty of murder, even if we believe the robbery of the victim was not proven". The trial court informed counsel that it was going to instruct the jury that an attempted robbery could also serve as the underlying felony for the felony murder charge. The court stated that it had

changed its opinion and now found that there was "a reasonable view of the evidence in this case that there was only an attempted robbery as opposed to a consummated robbery", noting that pursuant to Penal Law § 125.25 (3) any degree of robbery and either a completed or an attempted robbery would support a felony murder conviction.

The trial court told the jury that the answer to their question was "no". However, over the defense counsel's objections on the grounds of prejudice and untimeliness, the trial court reinstructed the jury on the felony murder count. In pertinent part, the trial court reiterated its initial instructions as to felony murder, but added that the underlying felony could be either a completed or an attempted robbery.

The jury found the defendant guilty of felony murder and, in accordance with the court's instructions, it did not return a verdict on the count of robbery in the first degree. Thereafter, the defendant was sentenced as a juvenile offender to nine years' to life imprisonment.

The Juvenile Offender Law, as originally enacted in 1978, provided, in pertinent part, that a 13-, 14- or 15-year-old person was criminally responsible as an adult for acts constituting felony murder as defined in Penal Law § 125.25 (3) (L 1978, ch 481). In light of the unqualified statutory language, "technically a 13 to 15 year old could be prosecuted for a felony murder [based upon a] predicate felony the juvenile was legally incapable of committing" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 190.71, at 340; see, People v Ennis, 94 AD2d 746; but see, McQuillan, *Felony Murder and the Juvenile Offender,* NYLJ, Aug. 25, 1978, at 1, col 2). Thus, under the 1978 law, in a juvenile offender case, the trial court could instruct the jury, as in the case of an adult defendant, that any degree of the designated crimes in Penal Law § 125.25 (3) and an attempt, as well as a completed designated crime, would support a felony murder conviction *(see, People v Ennis, supra).*

However, in 1979, the Juvenile Offender Law was amended, in pertinent part, to "limit criminal responsibility of a juvenile offender for the crime of felony murder to cases in which the juvenile offender is criminally responsible for the underlying felony" (Governor's mem on approving L 1979, ch 411, 1979 NY Legis Ann, at 243). A 13-year-old individual could no longer be held criminally responsible for felony murder. In addition, a 14- or 15-year-old individual could be held crimi-

nally responsible for felony murder only if he was also guilty of certain designated underlying crimes, which were defined, in relevant part, in all of the subdivisions of Penal Law § 160.15 (robbery in the first degree) and Penal Law § 160.10 (2) (robbery in the second degree). *Attempts* to commit those acts were not included *(see,* Penal Law § 30.00 [2]; *People v Ennis, supra,* at 747). This amendment "clarif[ied]" the "confusion [that had] developed with respect to the extent to which a juvenile offender [could] be charged with the offense of felony murder" and was "consistent with the leading Court of Appeals case on the subject *(People* v. *Roper;* 259 N.Y. 170, 1932)" (mem of Senator Ralph J. Marino, 1979 NY Legis Ann, at 245).

In the case of *People v Roper* (259 NY 170), the Court of Appeals held that the 15-year-old defendant could not be held criminally responsible as an adult for a murder committed during the commission of another felony unless he was also criminally responsible as an adult for the underlying felony. At the time of the defendant Roper's trial, participation of a child under the age of 16 years in a robbery in the second or third degree "would not establish the guilt of a felony but only of a minor offense characterized as juvenile delinquency" *(People v Roper, supra,* at 178). Therefore, since the trial court instructed the jurors that "they were not concerned with degrees of robbery, since robbery in every degree is a felony" *(People v Roper, supra,* at 178), and participation in robbery in the second or third degree did not constitute a felony for which the defendant could be held criminally responsible as an adult, the Court of Appeals held that "it is plain that the defendant's conviction rests upon no finding of guilt of a felony * * * and the judgment must be reversed. * * * That is true even though no exception was taken to the charge which raises such question" *(People v Roper, supra,* at 178).

Similarly, in light of the 1979 amendment to the current Juvenile Offender Law, in a juvenile offender case, a trial court cannot instruct the jury on a felony murder charge as it would when the defendant is an adult. The charge must be modified by the limitations set forth in Penal Law § 30.00 (2). Thus, the trial court in this case should have charged that in order to find the defendant guilty of felony murder, the jury had to find that the defendant had committed robbery in the first degree as alleged in the indictment *(see, People v Roper, supra,* at 178). The commission of a forcible stealing, without

the aggravating factors set forth in Penal Law § 160.15 (2), as charged by the trial court, was not sufficient to establish the defendant's guilt of felony murder. Since, pursuant to the trial court's instructions, the jury was not required to find whether the defendant had committed robbery in the first degree, the felony murder conviction does not rest upon a determination that the defendant committed an act for which he could be held criminally responsible as an adult. Accordingly, the judgment must be reversed "even though no exception was taken to the charge" in this respect *(People v Roper, supra,* at 178).

In addition, the trial court erred when it instructed the jury that an attempted robbery, as opposed to a completed robbery, could sustain the felony murder conviction. As previously noted, an attempt to commit a robbery, even in the first degree, cannot be the predicate felony for a felony murder charge against a 15-year-old defendant *(see,* Penal Law § 30.00 [2]; *People v Ennis, supra,* at 747). In this regard, under the statutory scheme concerning juvenile offenders, a jury may be instructed with respect to crimes for which a juvenile may be held criminally responsible as an adult, together with crimes for which the juvenile may not be held criminally responsible by reason of infancy *(see,* CPL 300.50 [5]; *see also,* CPL 200.20 [6]). However, where the juvenile defendant is found guilty only of acts for which he cannot be held criminally responsible by reason of his age at the time of the offense, the trial court must vacate the conviction and replace it with a juvenile delinquency fact determination. The matter would then be removed to the Family Court pursuant to CPL article 725 *(see,* CPL 310.85 [3]; Family Ct Act § 346.1; *see also, People v Roe,* 74 NY2d 20, 28). Therefore, assuming, arguendo, that it was appropriate for the trial court to submit to the jury the issue of the nature of the felony underlying the murder charge, to wit, an attempted or consummated crime, the trial court should have instructed the jury to specify the nature of the underlying felony of which it found the defendant guilty.

In light of our determination, we need not address the defendant's other contentions.

BROWN, J. P., EIBER and SULLIVAN, JJ., concur.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.