*990 OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed, on the law, accusatory instrument dismissed and fine remitted.
The accusatory instrument charged that defendant on March 11, 1987, at 31 Lighthouse Road, Kings Point, New York, did "fail to remove a retaining wall which was erected without a permit in violation of Ordinance No. 1, Section 1214 B.2. as amended by Local Law No. 2 of 1986, Section 18 of the Village of Kings Point in that you erected a retaining wall on or about the rear property line of the northerly portion of said premises without a building permit in that although a building permit for a retaining wall was applied for and received, the retaining wall which was constructed, was constructed in a different location and of greater length than the building permit approved.”
Prior to trial defendant, in an omnibus motion, sought dismissal of the accusatory instrument alleging in part that the statute was improperly being given ex post facto effect. The local ordinance in essence provides that an owner of a lot or premises "shall” obtain a certificate of completion "six (6) months from or after the date on which the permit * * * was issued.” In the case at bar, defendant obtained the building permit in 1978 prior to the enactment of the local law which defendant was charged with violating.
It is a basic tenet of statutory construction that absent an unequivocal expression of a contrary legislative intent, statutes and amendments are construed prospectively (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b]). A retroactive statute is defined as "one which takes away or impairs vested rights acquired under existing law” (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [a]). It is a general rule that statutes dealing with matters other than procedure are not to be applied retroactively absent a plainly manifested legislative intent (People v Oliver, 1 NY2d 152, 157-158; McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b]). It is presumed that a law is intended to provide a rule of future action to be applied to cases subsequent to its enactment (People v Ennis, 94 AD2d 746, 747).
In construing a statute the courts first look to the language of said statute to determine if retroactive application was intended (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [d]). The use of the word "shall” as in the instant local law *991 indicates an intention to construe the statute prospectively (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b]). Additionally, the use of the words "six (6) months from or after the date on which the permit * * * was issued” looks to the future and not the past, in determining a violation of the local law. In the case at bar, this court finds no evidence of any interest on the part of the village authorities to apply the local law retroactively. Here, since the building permit was issued many years prior to the existence of the local law in issue, defendant cannot be prosecuted based on a failure to obtain a certificate of completion within six months of issuance of the building permit. To hold otherwise would imply that defendant was in violation of said law on the date of its enactment.
DiPaola, P. J., Stark and Collins, JJ., concur.