■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered January 4, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was 15 years old at the time, shot and killed his victim in an alley in the Fort Greene section of Brooklyn. He took the victim's jacket and an unknown sum of money at that time. Later, the defendant boasted about the

killing to some of his friends, and showed at least two of them where he had spray-painted "Sha '87", his street name and the year, at the crime scene. The defendant was seen wearing the jacket and admitted to one friend that it was the victim's jacket. He was also overheard to say that he wanted to sell the jacket because it tied him to the crime.

On appeal, the defendant contends that the evidence was legally insufficient to establish the predicate felony of robbery, warranting reversal of his felony murder conviction, in that the People failed to prove that he had formed the intent to rob his victim before killing him (see, People v Joyner, 26 NY2d 106, 109). We disagree. The record contains ample evidence to establish that the defendant formed the intent to rob before shooting the victim (see, People v Paul, 133 AD2d 711; People v Alvarez, 118 AD2d 785, 786; People v Shakoor, 112 AD2d 258; cf., People v Blanchard, 64 AD2d 538, 539, affd 48 NY2d 1008; People v Rice, 61 AD2d 758).

The defendant also contends that his conviction for felony murder is infirm because it is allegedly based on the underlying felony of robbery in the third degree, for which a 15-year-old defendant cannot be held criminally responsible (see, Penal Law § 30.00 [2]; People v Smith, 152 AD2d 56). Again, we disagree. In People v Smith (supra), the predicate felony was ambiguous and "may" have been either robbery in the third degree or attempted robbery, neither of which can serve as the underlying felony for a 15-year-old defendant (People v Ennis, 94 AD2d 746). Here, it is clear from the indictment, the evidence presented at trial, and the charge, that the predicate felony submitted to the jury was robbery in the first degree and that the jury considered all of its requisite elements, namely a forcible stealing while armed with a deadly weapon. Thus, the felony murder conviction is sustainable against this 15-year-old defendant.

We have considered the defendant's remaining contention and find that it is unpreserved for appellate review and, in any event, without merit. Bracken, J. P., Sullivan, Rosenblatt and Lawrence, JJ., concur.