■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW MCMILLAN, Appellant.—Judgment, Supreme Court, New York County (Richard B. Lowe, III, J., at jury trial and sentence), rendered March 5, 1991, convicting defendant of one count of murder in the second degree (felony murder), and two counts of robbery in the first degree, and sentencing him to concurrent terms of 25 years to life on the murder count and 5 to 15 years on each robbery count, unanimously affirmed.

Evidence at trial indicated that the night before the robbery

and murder, defendant and Jose "Eddie" Laureano had discussed stealing the victim's property to get money for drugs. When defendant voiced his fear of reprisal, Laureano stated that he would simply kill the victim. Although defendant told the police that he merely stood by while Laureano cut the victim's throat (causing his death), the jury's determination that defendant shared Laureano's intent to forcibly rob the victim is amply supported by the evidence, including defendant's unprompted grab for the victim's property, along with Laureano, when the victim fell to the floor, asking for help. Thus, viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt of the crimes charged, on an acting in concert theory, was proven beyond a reasonable doubt (People v Bleakley, 69 NY2d 490).

Contrary to defendant's argument, the trial court did not instruct the jury, in its supplemental jury charge, that the jurors could find defendant guilty of felony murder if he had formed the intent to rob the victim only after the killing was completed. Rather, in response to the deliberating jury's specific question, "If the homicide occurs prior to the actual beginning of the removal of the goods, does this satisfy the term 'in furtherance of or during commission of the robbery?' ", the trial court properly responded "Yes, so long as you believe that there was an intent to rob on the part of the defendant * * * prior to the killing * * * so that the killing was in furtherance of the robbery". In its main and supplemental charges, the trial court repeatedly stressed that in order to find defendant guilty of felony murder, the jurors must find an intent to rob that existed prior to the death of the victim. Both the main and supplemental charges conveyed the appropriate legal standards (see, People v Joyner, 26 NY2d 106, 109-110). We perceive no abuse of discretion in sentencing. Concur—Carro, J. P., Ellerin, Kupferman and Kassal, JJ.