■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant. [632 NYS2d 211] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered March 2, 1992, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

**95** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO SMITH, Appellant. [632 NYS2d 591] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered July 17, 1990, convicting him of murder in the second degree and robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In a prior opinion and order dated November 6, 1989, this Court reversed the defendant's conviction of murder in the

second degree (felony murder) due to an error in the charge to the jury, and the matter was remitted to the Supreme Court for a new trial *(People v Smith,* 152 AD2d 56). The defendant subsequently pleaded guilty to murder in the second degree and robbery in the first degree. This appeal ensued. The defendant currently contends that this Court erred by directing a new trial instead of removing the case to the Family Court pursuant to CPL 310.85 (3).

The defendant's present contention is not properly before this Court. The defendant never sought reargument of or leave to appeal this Court's prior opinion and order *(see generally,* CPL 470.50, 450.90 [2] [b]), and his present contention is procedurally defective.

In any event, the defendant has not demonstrated that the prior opinion and order was so infected with manifest error as to warrant a departure from the doctrine of the law of the case *(see, People v Martinez,* 194 AD2d 741; *People v Barnes,* 155 AD2d 468; *People v Manino,* 90 AD2d 777). Rather, it is clear that the error discussed in this court's prior opinion and order made it impossible to determine whether the defendant's conviction of felony murder was based on the commission of an offense for which he could be held criminally responsible pursuant to Penal Law § 30.00 (2). Accordingly, the appropriate remedy was to direct a new trial, and the defendant's contention to the contrary is without merit. Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.