THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH THORPE, Appellant. [633 NYS2d 583] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered July 21, 1992, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree, and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his convictions for felony murder should be reversed because the evidence was legally insufficient to establish the predicate felony of robbery in that the People failed to prove that he had formed the intent to rob a bar before killing the owner and a customer *(see, People v Joyner,* 26 NY2d 106, 109). We disagree. The record contains ample evidence to establish that the defendant formed the intent to rob before stabbing the victims, including the accomplice's testimony that while they were walking to the bar the defendant suggested that they rob a store *(see, People v Johnson,* 185 AD2d 860; *People v Paul,* 133 AD2d 711; *People v Alvarez,* 118 AD2d 785).

Similarly unavailing is the defendant's claim that he was denied his right to confront a witness when the accomplice invoked his Fifth Amendment right against self-incrimination during the reopening of cross-examination. In over five hours of cross-examination, the defense counsel questioned the accomplice in depth concerning his direct testimony and also effectively impeached him with his prior convictions. Then, after the accomplice recanted his direct testimony which had inculpated the defendant, the defense counsel terminated cross-examination. The prosecution declined to ask any questions on redirect, but the defense counsel requested permission to ask a few more questions. The defense counsel asked a question

which the accomplice already answered on direct and the accomplice invoked the Fifth Amendment. Under these circumstances, the defendant was able to test the accuracy of the accomplice's direct examination and, thus, was not prejudiced (see, People v Chin, 67 NY2d 22, 27; People v Cole, 196 AD2d 634).

The court did not err in failing to give the jury the requested circumstantial evidence charge because the defendant's conviction was based on both direct and circumstantial evidence (see, People v Daddona, 81 NY2d 990; People v O'Brien, 212 AD2d 741).

The defendant's remaining contentions are without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.