■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN CRUZ, Appellant. [640 NYS2d 159]

The court submitted to the jury the counts under Indictment No. 700/92 charging attempted robbery in the first degree,

felony murder, and intentional murder. The court instructed the jury that it could consider the count charging the defendant with intentional murder only if it first found the defendant not guilty of felony murder. The jury found the defendant guilty of attempted robbery in the first degree and felony murder. At sentencing, the court set aside the conviction of attempted robbery in the first degree because it is a crime for which the 15-year-old defendant cannot be held criminally responsible (*see*, Penal Law § 30.00), and sentenced the defendant for his conviction of felony murder. However, as conceded by the People, the defendant cannot be held criminally responsible for felony murder because that charge was based on the underlying felony of attempted robbery in the first degree (*see*, Penal Law § 30.00; *People v Smith*, 152 AD2d 56; *People v Ennis*, 94 AD2d 746; *cf.*, *People v Johnson*, 185 AD2d 860). Since the defendant was convicted of a crime for which he was not criminally responsible, and because he was already serving terms of imprisonment for unrelated convictions, the verdict convicting him of felony murder must be set aside and deemed a nullity (*see*, CPL 310.85 [1], [2]). Accordingly, the defendant's conviction of felony murder is vacated, that count of Indictment No. 700/92 is dismissed, and a new trial is ordered on the count of the indictment charging him with intentional murder (*see*, *People v Charles*, 78 NY2d 1044; *People v Jackson*, 20 NY2d 440, *cert denied* 391 US 928).

The People also concede that the defendant's plea of guilty under Indictment No. 699/92 must be vacated, as that plea was predicated on the promise that the defendant would receive a sentence concurrent with the sentence imposed under Indictment No. 700/92 (*see*, *People v Taylor*, 80 NY2d 1, 15; *People v Boston*, 75 NY2d 585, 589; *People v Fuggazzatto*, 62 NY2d 862). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.