■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAITH QQ., Appellant. [798 NYS2d 217]—

Mercure, J.P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 29, 2003, upon a verdict convicting defendant of the crimes of murder in the second degree, attempted robbery in the first degree (two counts) and conspiracy in the fourth degree.

Defendant was charged by indictment with murder in the second degree, attempted robbery in the first degree, conspiracy in the second degree and conspiracy in the fourth degree, arising from her role in the attempted robbery and stabbing death of a taxi driver in the City of Troy, Rensselaer County, in the early morning hours of February 2, 2003. Following a jury trial, defendant was acquitted of intentional murder and conspiracy in the second degree, but was convicted of felony murder, two counts of attempted robbery in the first degree, and conspiracy in the fourth degree. Defendant was sentenced to an aggregate term of imprisonment of nine years to life. She appeals, contending primarily that her convictions must be vacated because she was 15 years old at the time of the incident and, therefore, she cannot be held criminally responsible as a matter of law for the crimes upon which she was convicted. There is no dispute that defendant was 15 years old at the time of the incident and the People concede the merits of defendant's arguments on this issue.

Pursuant to Penal Law § 30.00 (1), a person who is 15 years of age is not responsible as an adult for criminal conduct, except for acts constituting those crimes explicitly set forth in Penal Law § 30.00 (2). Attempted robbery in the first degree and conspiracy in the fourth degree—crimes for which defendant was convicted by the jury—are not set forth in that section, and thus, she cannot be held criminally responsible for them. Moreover, Penal Law § 30.00 (2) states that a 15 year old may be held criminally responsible for felony murder pursuant to Penal Law § 125.25 (3), but only if the underlying felony is set forth in Penal Law § 30.00 (2). As previously noted, Penal Law § 30.00

(2) precludes the imposition of criminal liability on this defendant for attempted robbery in the first degree, and thus, her conviction of the charge of felony murder predicated upon the charge of attempted robbery in the first degree cannot stand (*see People v Cruz*, 225 AD2d 790, 791 [1996]; *People v Smith*, 152 AD2d 56, 59-60, 61 [1989]; *People v Ennis*, 94 AD2d 746, 747 [1983]; *see also Matter of Equcon M.*, 291 AD2d 332, 333 [2002]). Because defendant cannot be held criminally liable for any of the crimes for which she was convicted, the verdict must be vacated and replaced by a juvenile delinquency fact determination and remitted for further proceedings in accordance with CPL article 725 (*see* CPL 310.85 [3]; *Green v Montgomery*, 95 NY2d 693, 698 [2001]).

In light of our conclusion, defendant's remaining contentions need not be considered.

Crew III, Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, verdict vacated and replaced by a juvenile delinquency fact determination, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL article 725.