People v Norris (2024 NY Slip Op 03640)

People v Norris

2024 NY Slip Op 03640

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

420 KA 22-01911

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICHOLAS NORRIS, DEFENDANT-APPELLANT.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered August 19, 2022. The judgment convicted defendant upon his plea of guilty of kidnapping in the second degree, criminal possession of a weapon in the second degree (two counts) and attempted robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of counts 1 and 4 of the indictment, vacating the plea with respect to those counts and dismissing those counts, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him as a juvenile offender upon his plea of guilty of kidnapping in the second degree (Penal Law § 135.20), attempted robbery in the first degree (§§ 110.00, 160.15 [4]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Before addressing defendant's only contention on appeal, which challenges the severity of the sentence, we conclude that, as the People correctly point out, kidnapping in the second degree is not a charge for which defendant, who was 15 years old at the time of the offense, can be held criminally responsible (see § 30.00 [1]; People v Boye, 175 AD2d 924, 924 [2d Dept 1991]). Similarly, defendant cannot be held criminally responsible for attempted robbery in the first degree (see People v Faith QQ., 20 AD3d 584, 584 [3d Dept 2005]; People v Cruz, 225 AD2d 790, 791 [2d Dept 1996]; People v Lebron, 197 AD2d 416, 417 [1st Dept 1993]).
Because that portion of defendant's plea with respect to kidnapping in the second degree and attempted robbery in the first degree was not "an integral part of a nonseverable plea bargain" (Boye, 175 AD2d at 924), we agree with defendant that only that part of his "plea with respect to those counts of the indictment must be vacated and deemed a nullity" (People v Tyler L., 111 AD3d 1416, 1417 [4th Dept 2013] [internal quotation marks omitted]; see People v McKoy, 60 AD3d 1374, 1375 [4th Dept 2009], lv denied 12 NY3d 856 [2009]). We therefore modify the judgment accordingly.
Finally, contrary to defendant's contention, the sentence on the remaining counts is not unduly harsh or severe.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court