■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered June 21, 1982, convicting him of murder in the second degree (felony murder), manslaughter in the first de-

gree, and robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the People, as we are required to do *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient to prove the defendant's guilt of the crimes charged since " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(see, People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319).

"In order to hold an accessory criminally liable for acts committed by his principal, the People must establish, beyond a reasonable doubt, that the accessory possessed the requisite mental culpability for the crime charged *(see,* Penal Law § 20.00; *People v La Belle,* 18 NY2d 405)" *(People v Hayes,* 117 AD2d 621, 622). In the instant case, the defendant admitted in his statements given to the police and to an Assistant District Attorney, following a valid waiver of his *Miranda* rights, that he willingly followed a group of youths as they dragged their victim at knifepoint into a backyard. He then held the victim's legs to the ground while his cohort prodded into the victim's pocket with the knife and then stabbed him. His cohort took the victim's wallet, and the defendant then kicked the victim before fleeing with the others. From these facts, we find that the jury could conclude beyond a reasonable doubt that the defendant shared in his cohort's intent to inflict serious physical injury on the victim *(see, People v Barnes,* 50 NY2d 375, 381; *People v Castillo,* 47 NY2d 270, 277; *People v Skinner,* 102 AD2d 899). On these facts, we also find that the defendant failed to prove the statutory affirmative defense to felony murder.

The defendant's remaining contention has not been preserved for appellate review. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.