■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK SIMMONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J), rendered February 3, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he failed to establish by a preponderance of evidence that he had no reasonable ground to believe that his accomplice in a street robbery was armed with a deadly weapon or that his accomplice would engage in conduct likely to result in death or serious physical injury (Penal Law § 125.25 [3]; *see, People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905). Rather, the evidence adduced at trial established that while the defendant himself did not possess a gun or commit

the homicidal act, he did take part in a robbery, aiding an accomplice he knew to be armed *(see, People v Brailsford,* 106 AD2d 648). Moreover, the same eyewitness who saw the defendant's accomplice receive the gun in the defendant's presence also saw the defendant rifle the victim's pockets after the shooting. Clearly then the evidence established beyond a reasonable doubt that the defendant acted as far more than a mere lookout *(cf., People v Perez,* 121 AD2d 406, *lv denied* 68 NY2d 772). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contention and find it to be unpreserved for review (CPL 470.05 [2]) and in any event, to be without merit *(see, People v Ashwal,* 39 NY2d 105, 109). Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.