■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVARO SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 19, 1987, convicting him of murder in the second degree (two counts) and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him.

Ordered that the judgment is modified, (1) on the law, by

reversing the conviction on the first count of the indictment charging murder in the second degree (intentional murder), vacating the sentence imposed thereon and dismissing that count of the indictment, and (2) as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the conviction on the second count of the indictment charging murder in the second degree (felony murder), from 25 years' to life imprisonment to 18 years' to life imprisonment; as so modified, the judgment is affirmed.

We disagree with the defendant's contention that the hearing court's determinations were erroneous. It is settled that issues of credibility are to be determined primarily by the hearing court, whose determinations will not be disturbed on appeal unless clearly unsupported by the record (see, People v Alleyne, 154 AD2d 473; People v Armstead, 98 AD2d 726). We find that the determinations that a warrant had issued prior to the search and that the defendant had voluntarily waived his right to counsel (cf., People v Hayes, 127 AD2d 608) are clearly supported by the record.

There is no merit to the defendant's contention that the robbery counts in the indictment should have been dismissed as lesser included offenses of the felony murder count (see, People v Berzups, 49 NY2d 417, 427). We also disagree with the defendant's contention that his guilt of felony murder was not proven beyond a reasonable doubt. The record shows that the codefendant Anthony Medina (who pleaded guilty to murder in the second degree) owed money to another man who had threatened Medina's life failing payment. To help Medina obtain money to settle the debt, the defendant agreed to drive Medina and Roy Peters, the man sent by Medina's creditor to enforce payment, to Temple Shalom on 263rd Street and Union Turnpike in Queens to rob the Temple of the proceeds of a "Las Vegas night" held there. Peters, whose conviction for this offense, after a separate trial, was affirmed by this court (see, People v Peters, 157 AD2d 806), was armed with a rifle, which he loaded when the trio arrived at Temple Shalom. Medina, who claimed to be afraid of Peters, requested of the defendant, and received, a knife which the defendant kept under his seat in the car. The defendant waited in the car while Medina and Peters went into the Temple where they robbed and killed the custodian, Brian Hoffman, who was shot twice and stabbed once. Afterwards the defendant drove Medina and Peters to Medina's house where the defendant was given $100 for his participation. This evidence established beyond a reasonable doubt the defendant's guilt of felony

murder since death resulted from the robbery in which he participated as driver *(see, People v Simmons,* 143 AD2d 857; *People v Milhood,* 108 AD2d 875). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict regarding felony murder was not against the weight of the evidence (CPL 470.15 [5]).

However, we agree with the defendant that his guilt of intentional murder was not proven beyond a reasonable doubt by legally sufficient evidence on the record outlined above. As we have recently observed "[t]o hold the defendant criminally responsible for the conduct of the actual shooter, the People were obligated to prove beyond a reasonable doubt that the defendant acted with the mental culpability necessary to commit the crime, and, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal in the commission of the crime" *(People v Bennett,* 160 AD2d 949, 951; *see also, People v Torres,* 153 AD2d 911, 912; *cf., People v Whatley,* 69 NY2d 784). Indeed, we note that the jury's difficulty with this count was demonstrated by their request for a readback.

Furthermore, the sentence imposed was excessive to the extent indicated.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Lawrence and Kunzeman, JJ., concur.