◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY VALLEJO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered June 9, 1989, convicting him of burglary in the second degree, criminal mischief in the fourth degree, possession of burglar's tools, and attempted grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence in support of the accomplice corroboration requirement of CPL 60.22 (1) was received without objection and was sufficient to satisfy the statute. Moreover, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we

are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, Rosenblatt and Ritter, JJ., concur.

Brown, J. P., dissents, and votes to reverse the judgment appealed from and to dismiss the indictment, with the following memorandum: I cannot agree with the conclusion reached by my colleagues that the record in this case contains evidence, independent of accomplice testimony, which tends to connect the defendant to the commission of the crime of which he has been convicted so as to provide sufficient corroboration of the accomplice's testimony to justify that conviction *(see,* CPL 60.22 [1]; *People v Glasper,* 52 NY2d 970).

According to the testimony of Christine Castaldo, which is undisputedly accomplice testimony *(see,* CPL 60.22 [2]), the defendant decided to wait outside the building which Castaldo and another accomplice, Andrew Rodriguez, were going to burglarize, and to act as a lookout. The defendant's presence outside the building apparently aroused the suspicions of a neighbor, who thereupon telephoned the police. According to the testifying police officers, when they arrived at the scene, the defendant, who was leaning on a car parked in front of the building, appeared startled. One of the arriving officers proceeded to enter the building, went into the apartment where the burglary had occurred, and discovered Rodriguez hiding therein. Rodriguez was brought outside and was asked if anyone had been inside the apartment with him. Rodriguez nodded his head toward the defendant. Rodriguez was then moved away from the defendant in order that he might be questioned further. As a result thereof, a further search of the burglarized apartment took place and Castaldo was discovered hiding therein.

The defendant's mere presence near the scene of the crime was not sufficient to corroborate the accomplice testimony as, under the circumstances of this case, that presence did not "logically [lead] to the conclusion of guilt because of other attendant circumstances" *(People v Lanza,* 83 AD2d 714, 715 [Mikoll, J., dissenting], *revd* 57 NY2d 807, *on dissenting opn of Mikoll, J.; see, People v Moses,* 63 NY2d 299, 307; *People v Hudson,* 51 NY2d 233, 239-240). The only other evidence that the prosecution claims tended to connect the defendant to the commission of the crime was Rodriguez's gesture in nodding his head in the direction of the defendant. In my view, this gesture was insufficient to provide accomplice corroboration

for several reasons. Firstly, Rodriguez's nod constituted hearsay evidence (see, Fisch, New York Evidence § 759, at 450 [2d ed]), and thus was not competent proof of the matter allegedly asserted thereby. Secondly, Rodriguez's nod constituted the hearsay statement of a party who was himself an accomplice, and as such could not be used to corroborate the testimony of another accomplice (see, People v O'Farrell, 175 NY 323, 327-328; People v Ohlstein, 54 AD2d 109, 112, affd 44 NY2d 896; People v Chamberlain, 38 AD2d 306, 311). And finally, that hearsay evidence was, at best, equivocal. Even the testifying officer interpreted Rodriguez's nod to mean that Rodriguez did not wish to speak in front of the defendant, an interpretation which cannot be said to tend to connect the defendant to the commission of the burglary.

In sum, in my opinion this record does not contain sufficient competent and reliable evidence, independent of that provided by the accomplices, which fairly and reasonably tends to connect the defendant with the commission of the crime (see, People v Hudson, 51 NY2d 233, 238, supra). Thus, I conclude that the evidence adduced was not legally sufficient to establish the defendant's guilt beyond a reasonable doubt, the defendant's conviction should be reversed, and the indictment dismissed.