In the Matter of CARMELO N., a Person Alleged to be a Juvenile Delinquent, Appellant. [646 NYS2d 21]

After a hearing, the appellant was found to have acted as a lookout for a friend who stole a cellular telephone from the complainant's car after breaking its front passenger-side window with his fist. As a result, the Family Court determined that the appellant was an accomplice and adjudicated him a juvenile delinquent. On appeal, the appellant contends that the evidence was legally insufficient to establish that he acted as an accomplice. We disagree.

A person's mere presence at the scene of the crime, even with knowledge of its perpetration, cannot render him or her accessorially liable for the underlying criminal conduct (see, People v Strawder, 124 AD2d 758, 759; People v Reyes, 82 AD2d 925). In this case, however, when viewed in the light most favorable to the presentment agency (see, People v Contes, 60 NY2d 620; Matter of Jamal C., 186 AD2d 562, 563), the evidence was legally sufficient to prove beyond a reasonable doubt that the appellant acted as a lookout for, and therefore as an

accomplice of, his friend (*see, People v Roldan,* 211 AD2d 366, *affd* 88 NY2d 826; *People v Wooten,* 214 AD2d 596; *People v Vallejo,* 173 AD2d 880, *lv denied* 78 NY2d 1015). Further, the Family Court's determination in this regard was not against the weight of the evidence (*see,* CPL 470.15 [5]). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.