■ In the Matter of KADEEM W., a Person Alleged to be a Juvenile Delinquent, Appellant. [782 NYS2d 873]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated November 5, 2003, which, upon a fact-finding order of the same court dated October 1, 2003, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree, unlawful possession of weapons by persons under 16, menacing in the second degree, reckless endangerment in the second degree, and violation of Administrative Code of the City of NY § 10-131 (b) (1), sale or possession of air pistols and air rifles, adjudged him to be a juvenile delinquent, placed him on probation for a period of 18 months, and directed him, inter alia, to perform 200 hours of community service. The appeal brings up for review the fact-finding order dated October 1, 2003.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

To sustain a determination based upon accessorial liability, the evidence, when viewed in a light most favorable to the presentment agency, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the act charged and that, in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the principal to commit such act. Mere presence at the scene of the incident is insufficient to establish the guilt of the observer

as an accessory (*see Matter of Bianca W.,* 267 AD2d 463 [1999]; *Matter of Peter J.,* 184 AD2d 511 [1992]; *People v Sanchez,* 167 AD2d 489 [1990]; *People v Bennett,* 160 AD2d 949 [1990]).

In the instant case, the presentment agency failed to adduce legally sufficient evidence that the 13-year-old appellant shared the intent of his companion, Takim, to possess or use the pellet gun which had been concealed beneath Takim's clothing. Rather, the credible evidence established only that the appellant was in Takim's company, and that Takim unexpectedly brandished and used the weapon in retribution against a security guard who had ejected them from the residents-only playground.

In light of our determination we need not reach the appellant's remaining contentions. H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.