■ In the Matter of DERRICK McM., a Person Alleged to be a Juvenile Delinquent, Appellant. [808 NYS2d 106]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (O'Donoghue, J.), dated December 17, 2004, which, upon a fact-finding order of the same court, dated December 7, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree (two counts), criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, petit larceny, and attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated December 7, 2004.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

To sustain a determination based upon accessorial liability, the evidence, when viewed in a light most favorable to the presentment agency, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the act charged and that, in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the principal to commit such act. Mere presence at the scene of the incident is insufficient to establish the appellant's guilt as an accessory (*see Matter of Bianca W.*, 267 AD2d 463 [1999]; *Matter of Peter J.*, 184 AD2d 511, 512 [1992]; *cf. People v Sanchez*, 167 AD2d 489, 491 [1990]; *People v Bennett*, 160 AD2d 949, 950-951 [1990]). In this case, the presentment agency failed to adduce legally sufficient evidence that the appellant was anything more than a bystander at the scene of a robbery perpetrated by several other individuals. Notably, the complainant was unable to identify the appellant and the eyewitness was unable to attribute any culpable behavior to the appellant. Therefore, the dispositional order must be reversed, and the petition dismissed. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.