■ In the Matter of LEONEL T., a Person Alleged to be a Juvenile Delinquent, Appellant. [912 NYS2d 280]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated December 4, 2009, which, upon a fact-finding order of the same court dated September 21, 2009, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 15 months. The appeal brings up for review the fact-finding order dated September 21, 2009.

Ordered that the order of disposition is reversed, on the facts, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

"To sustain a determination based upon accessorial liability, the evidence, when viewed in a light most favorable to the presentment agency, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the act charged and that, in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the principal to commit such act" (*Matter of Derrick McM.*, 23 AD3d 474, 475 [2005]; *see Matter of Carmelo N.*, 228 AD2d 682 [1996]; *Matter of Peter J.*, 184 AD2d 511, 512 [1992]; Family Ct Act § 342.2 [2]; *cf.* Penal Law § 20.00; *People v Coulter*, 240 AD2d 756 [1997]). "A person's mere presence at the scene of the crime, even with knowledge of its perpetration, cannot render him or her accessorially liable for the underlying criminal conduct" (*Matter of Carmelo N.*, 228 AD2d at 682; *see Matter of Derrick McM.*, 23 AD3d at 475). Moreover, resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Summer D.*, 67 AD3d 1008, 1009 [2009]).

Here, although the evidence, when viewed in the light most favorable to the presentment agency, was legally sufficient (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Tanasia Elanie E.*, 49 AD3d 642, 643 [2008]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Ashley P.*, 74 AD3d 1075, 1076 [2010]; *Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we find that the determination of the Family Court was against the weight of the credible

evidence. The appellant is alleged to have been an accomplice with several youths in assaulting and robbing the complainant. In light of the conflicting versions of the events offered by the witnesses and the complainant's unequivocal testimony that the appellant was not actively participating but standing apart from the perpetrators and later fled with them, the evidence established only that the appellant was present at the scene of the offense. Accordingly, the determination of the Family Court was against the weight of the evidence, and the petition should have been dismissed. Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.