In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Chakelton M. appeals from an order of disposition of the Family Court, Kings County (McElrath, J.), dated July 13, 2012, which, upon a fact-finding order of the same court (Elkins, J.) dated May 8, 2012, made after a hearing, finding that he committed acts, which, if committed by an adult, would have constituted the crime of robbery in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.
Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed *733 the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Stanley F., 76 AD3d 1067, 1068 [2010]). Since, however, there may be collateral consequences of the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]; Matter of Stanley F., 76 AD3d at 1068).
The appellant was accused of having participated in the robbery of the complainant. Although the appellant admitted that he was present during the incident, he insisted that he only watched and did not participate, and he claims on this appeal that the evidence of his participation was legally insufficient and that the fact-finding was against the weight of the evidence. We disagree.
“The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant’s commission of all the elements of the charged crimes beyond a reasonable doubt” (Matter of Danielle B., 94 AD3d 757, 758 [2012]; see Matter of Imani Mc., 78 AD3d 705, 706 [2010]; Matter of Brooklyn B., 77 AD3d 934, 935 [2010]). The test is no different when the evidence supporting the fact-finding is circumstantial (cf. People v Ficarrota, 91 NY2d 244, 248-249 [1997]; People v Rossey, 89 NY2d 970, 971-972 [1997]; People v Cabey, 85 NY2d 417, 421 [1995]). Although “[a] person’s mere presence at the scene of the crime, even with knowledge of its perpetration, cannot render him or her accessorially liable for the underlying criminal conduct” (Matter of Carmelo N., 228 AD2d 682, 682 [1996]; see Matter of Leonel T., 78 AD3d 1188, 1189 [2010]), the complainant’s testimony in this case, when viewed in the light most favorable to the presentment agency, established the appellant’s active participation in the incident. Accordingly, the evidence was legally sufficient (see Matter of Imani Mc., 78 AD3d at 706; Matter of Stanley F., 76 AD3d at 1068). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Stanley F., 76 AD3d at 1068-1069; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, *734 we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Romero, 7 NY3d 633 [2006]).
The Family Court has broad discretion in determining the appropriate disposition in a juvenile delinquency proceeding, and its determination is accorded great deference (see Matter of Racheal M., 108 AD3d 770, 771 [2013]; Matter of Paul T., 107 AD3d 726, 727 [2013]). Here, in light of the nature of the appellant’s participation in the incident, the Family Court did not improvidently exercise its discretion in adjudicating him a juvenile delinquent (see Family Ct Act § 352.2), rather than directing an adjournment in contemplation of dismissal (see Matter of Racheal M., 108 AD3d at 771-772; cf. Matter of Jonathan M., 107 AD3d 805, 807 [2013]). Mastro, J.E, Balkin, Leventhal and Lott, JJ., concur.