■ In the Matter of JUSTIN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [59 NYS3d 64]—

Appeals by Justin M. from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline D. Williams, J.), dated November 19, 2015, and (2) an order of disposition of that court dated December 18, 2015. The order of fact-finding, after a hearing, determined that Justin M. had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree. The order of disposition adjudicated him a juvenile delinquent and placed him on probation for a period of 20½ months.

Ordered that the appeal from the order of fact-finding is

dismissed, without costs or disbursements, as that order was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof which adjudicated the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, and attempted assault in the third degree, and substituting therefor a provision dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the order of fact-finding is modified accordingly.

The appellant was adjudicated a juvenile delinquent on the basis of the Family Court's findings that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree. The findings with respect to all of the crimes except for criminal possession of stolen property in the fifth degree depended upon a finding of accessorial liability. The appellant contends, among other things, that the finding of accessorial liability was against the weight of the evidence.

In conducting our weight of the evidence review, we have a responsibility to affirmatively review the record, independently assess all of the proof, substitute our own credibility determinations for those made by the Family Court in an appropriate case, determine whether the Family Court's determination was factually correct, and acquit the appellant if we are not convinced that the Family Court's adjudication of the appellant as a juvenile delinquent was proven beyond a reasonable doubt (*see Matter of Trevor S.*, 141 AD3d 666, 667 [2016]; *Matter of Shannel P.*, 137 AD3d 1039, 1041 [2016]; *Matter of Danielle B.*, 94 AD3d 757, 758 [2012]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]).

A determination premised upon accessorial liability requires proof beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the act charged and that, in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the principal to commit such act (*see* Penal Law § 20.00; Family Ct Act § 342.2 [2]; *Matter of Leonel T.*, 78 AD3d 1188, 1189 [2010]; *Matter of*

*Derrick McM.*, 23 AD3d 474, 475 [2005]; *Matter of Bianca W.*, 267 AD2d 463, 464 [1999]). "A person's mere presence at the scene of the crime, even with knowledge of its perpetration, cannot render him or her accessorially liable for the underlying criminal conduct" (*Matter of Carmelo N.*, 228 AD2d 682, 682 [1996]; *see People v La Belle*, 18 NY2d 405, 412 [1966]; *People v Lopez*, 137 AD3d 1166, 1167 [2016]; *People v Chardon*, 83 AD3d 954, 957 [2011]; *Matter of Leonel T.*, 78 AD3d at 1189; *Matter of Derrick McM.*, 23 AD3d at 475; *Matter of Carmelo N.*, 228 AD2d 682 [1996]). Here, we agree with the appellant that the Family Court's finding of accessorial liability was against the weight of the credible evidence. The appellant is alleged to have been an accomplice with another youth who punched the complainant in the face and took his iPhone. However, at the fact-finding hearing, when asked about the appellant's actions at the time of the assault and robbery, the complainant testified that the appellant was standing near the perpetrator and watched the incident occur. The presentment agency's evidence with respect to the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, and attempted assault in the third degree established only that the appellant was present at the scene of the offense (*see Matter of Leonel T.*, 78 AD3d at 1190; *cf. Matter of Derrick McM.*, 23 AD3d at 475; *Matter of John G.*, 118 AD2d 646 [1986]). Accordingly, the determination of the Family Court with respect to those crimes was against the weight of the evidence, and the order of disposition must be modified accordingly.

In light of our determination, we do not reach the parties' remaining contentions. Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.