Matter of Marco F. (2025 NY Slip Op 01365)

Matter of Marco F.

2025 NY Slip Op 01365

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-05102
 (Docket No. E-1727-23)

[*1]In the Matter of Marco F. (Anonymous), appellant. Geanine Towers, Brooklyn, NY, for appellant.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Marco F. appeals from an order of disposition of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated May 23, 2023. The order of disposition, upon an order of fact-finding of the same court dated April 5, 2023, finding that Marco F. committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, kidnapping in the second degree, rape in the third degree, criminal mischief in the third degree, and assault in the third degree (two counts), and after a dispositional hearing, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months.
ORDERED that the appeal from so much of the order of disposition as placed Marco F. on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is modified, on the facts and in the exercise of discretion, by deleting the provision thereof adjudicating Marco F. a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crime of kidnapping in the second degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the order of fact-finding is modified accordingly.
The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months must be dismissed as academic, as the period of probation has expired (see Matter of Ahmand T., 233 AD3d 693, 693). However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic as there may be collateral consequences resulting from the adjudication of delinquency (see id. at 693-694; Matter of Jaron D., 204 AD3d 999, 1000).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of Dzahiah W., 152 AD3d 612, 613), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted criminal sexual act in the first degree (see Matter of Justin D., 114 AD3d 941, 942; see also People v Simmons, 135 AD3d 1193, 1195-1196).
Moreover, in fulfilling our responsibility to conduct an independent review of the [*2]weight of the evidence, we accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Ernest S.C., 196 AD3d 565, 566; Matter of Maximus G., 165 AD3d 660, 662). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, rape in the third degree, criminal mischief in the third degree, and assault in the third degree were not against the weight of the evidence (see Matter of Ernest S.C., 196 AD3d at 566; Matter of Justin D., 114 AD3d at 943).
However, the Family Court's determination that the appellant committed acts which, if committed by an adult, would have constituted the crime of kidnapping in the second degree was against the weight of the evidence. "A person is guilty of kidnapping in the second degree when he [or she] abducts another person" (Penal Law § 135.20; see People v Leonard, 19 NY3d 323, 326). As relevant here, abduction "means to restrain a person with intent to prevent his [or her] liberation by either secreting or holding him [or her] in a place where he [or she] is not likely to be found" (Penal Law § 135.00[2][a]). "Restrain means to restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially with his [or her] liberty by moving him [or her] from one place to another, or by confining him [or her] . . . without consent and with knowledge that the restriction is unlawful" (id. § 135.00[1]; see People v Leonard, 19 NY3d at 326). Here, the presentment agency's evidence demonstrated that the appellant restrained the complainant for a very short time while the two were in the midst of a physical altercation. Although the complainant testified that the appellant pulled her partway into a vehicle, at least one door of the vehicle remained open and the vehicle traveled only a very short distance before stopping again within a matter of mere seconds. The evidence established only that the appellant restrained the complainant, without the requisite "secreting or holding [her] in a place where [she] is not likely to be found" (Penal Law § 135.00[2][a]). Accordingly, the determination of the Family Court with respect to kidnapping in the second degree was against the weight of the evidence, and the order of disposition must be modified accordingly (see generally Matter of Justin M., 152 AD3d 602, 603-604).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court